UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8565-WM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TORRENCE DENARD WHITAKER,

Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        Yes          X No

2.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        Yes          X No

3.    Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        Yes          X No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev 08/09) Criminal Complaint

FILED BY ___KJZ___ D.C.

**Dec 6, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# UNITED STATES DISTRICT
for the
Southern District of Florida

United States of America )
v. )
) Case No. 22-8565-WM
TORRENCE DENARD WHITAKER, )
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___08/19/2022___ in the county of ___Palm Beach___ in the
___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Brittney DiStefano, Special Agent, ATF
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: ___12/06/2022___

*Judge's signature*

City and state: ___West Palm Beach, Florida___

Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**
**Case No. 22-8565-WM**

I, Brittany DiStefano, first being duly sworn, do hereby depose and state as follows:

**INTRODUCTION**

1.       I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since August 2021. I am currently assigned to the West Palm Beach Field Office in the Miami Field Division. I attended the Federal Law Enforcement Training Center where I completed both the Criminal Investigator Training Program and ATF Special Agent Basic Training. My responsibilities as a Special Agent include, among other things, conducting investigations into criminal violations of federal law, including violations of Title 18 and Title 21 of the United States Code. I am thus a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C). As a Special Agent with ATF, I have participated in investigations into a variety of federal crimes, including but not limited to violations of federal firearms laws and narcotics statutes. Prior to my employment as an ATF agent, I was a duly sworn Deputy Sheriff with the Palm Beach County Sheriff's Office for approximately seven years. As a Deputy Sheriff, I was tasked with conducting investigations and arrests for numerous types of criminal offenses including serious violent crimes, narcotics offenses, and other general property crimes.

2.       I make this Affidavit in support of a criminal complaint and arrest warrant charging Torrence Denard WHITAKER (hereinafter, "WHITAKER") with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

3.       I submit this Affidavit based on my personal knowledge and information provided to me from other law enforcement officers. Because this Affidavit is submitted for the limited

purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware.

## **PROBABLE CAUSE**

4.     On August 19, 2022, at approximately 10:02 p.m., Riviera Beach Police Department (RBPD) Officer Javares Harvey was conducting High Visibility Traffic Enforcement in the 2800 block of Avenue R, Riviera Beach, Florida, located in the Southern District of Florida. Officer Harvey observed a black Jeep bearing FL tag #LESV26 with extremely dark window tint, which appeared to be tinted well in excess of that permitted under Florida law, traveling northbound along the roadway. Due to the observed infraction, Officer Harvey conducted a traffic stop on the vehicle and approached the driver side of the vehicle to make contact with the driver, identified as Torrence Denard WHITAKER. During the initial approach, all of the vehicle's windows were rolled down and there was a clear view of the interior of the vehicle. Officer Harvey and Sergeant Mordechay were both wearing RBPD-issued Body Worn Cameras which captured the events and communication described below.

5.     Upon making contact with WHITAKER, Officer Harvey identified the reason for the traffic stop as the dark window tint and obtained WHITAKER's driver license. Officer Harvey also notified WHITAKER and the two other occupants in the vehicle, a female in the front passenger seat, and a male in the rear passenger seat, that he could detect the odor of marijuana emanating from the vehicle. RBPD Sergeant Nir Mordechay arrived at the scene of the traffic stop as a back up officer and approached the passenger side of the vehicle. Sgt. Mordechay advised Officer Harvey that the black male in the rear passenger seat was in possession of two marijuana cigarettes (one partially smoked) which were observed openly on the subject's lap. The right rear passenger was identified as WHITAKER's brother, Christopher Whitaker.

2

6. Officer Harvey proceeded to measure the tint level of the driver side window which yielded a result of 1% light transmission. Per Florida State Statute, the tint of a vehicle's side window must have a light transmittance of at least 28%. After the tint measurement, Officer Harvey and Sgt. Mordechay asked WHITAKER and the occupants of the vehicle if there was any additional marijuana or any firearms in the car. Initially, all of the occupants replied in the negative.

7. Sgt. Mordechay moved to the driver side of the vehicle in order to question WHITAKER personally about marijuana or firearms. WHITAKER responded to Sgt. Mordechay that "he might find some weed." WHITAKER displayed a small amount of marijuana concealed in his pants. Sgt. Mordechay repeated his question to WHITAKER about whether there any firearms present, and asked WHITAKER whether Sgt. Mordechay would find a firearm on WHITAKER's person if he asked WHITAKER to step out of the vehicle. In response, WHITAKER confessed to being in possession of a firearm and stated the gun was on his right hip. WHITAKER advised he did not have a concealed carry weapons permit. Sgt. Mordechay applied a fresh set of latex gloves and WHITAKER twisted and lifted his body in the driver seat toward Sgt. Mordechay. Sgt. Mordechay then removed a silver and black pistol from the right side of WHITAKER's waistband. The firearm was identified as an FNH, model FNS-9, 9mm caliber semi-automatic pistol, bearing serial number (S/N) GKU0116062. The firearm was loaded with a magazine containing seventeen (17) rounds of assorted SPEER, PMC, and WMA manufactured ammunition.

8. After the retrieval of the firearm, Sgt. Mordechay instructed WHITAKER to exit the vehicle. Sgt. Mordechay then read WHITAKER his *Miranda* rights which WHITAKER verbally acknowledged he understood. During the interview, WHITAKER confirmed he knew that he did not possess a valid concealed carry weapons permit. WHITAKER also admitted that he had

3

originally denied possessing a firearm to Officer Harvey and Sgt. Mordechay. WHITAKER advised he was aware of his status as a convicted felon and was released from jail two years ago. WHITAKER claimed he purchased the firearm two days prior for $400 for self-defense since he was recently shot at and threatened by an unknown male individual. WHITAKER described the firearm as a black possibly 9mm caliber handgun but could not identify the exact make or model.

9.      Law enforcement conducted a criminal history check for WHITAKER and confirmed that he had previously been convicted of a felony offense, that is, a crime punishable by a term of imprisonment exceeding one year. On March 18, 2019, WHITAKER was adjudicated guilty of possession of oxycodone in violation of Florida Statute 893.13 (6a) and was sentenced to 30 months in state prison. On October 29, 2018, WHITAKER was adjudicated guilty of uttering forged bills, checks, drafts and grand theft and sentenced to one year and 6 days in state prison for the offenses. On June 22, 2015, WHITAKER was adjudicated guilty of evidence tampering, and possession of cocaine, in violation of Florida Statutes 918.13 and 893.13.(6a), and was sentenced to 24 months in state prison. In total, WHITAKER is an eleven-time convicted felon in the State of Florida.

10.     Photographs of both the pistol and ammunition were shown to an ATF interstate commerce nexus expert, who advised that the FNH, model FNS-9, 9mm caliber pistol, bearing serial number (S/N) GKU0116062 and its accompanying seventeen (17) rounds of assorted 9mm caliber ammunition were all manufactured outside the state of Florida. Therefore, by their subsequent recovery in the State of Florida, the foregoing firearm and ammunition of necessity traveled in and affected interstate and foreign commerce.

4

## CONCLUSION

WHEREFORE, your affiant respectfully submits that on the basis of the foregoing facts that probable cause exists to charge defendant Torrence Denard WHITAKER with the offense of being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**FURTHER, YOUR AFFIANT SAYETH NAUGHT.**

Brittany DiStefano
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 6TH DAY OF DECEMBER, 2022.

**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ___TORRENCE DENARD WHITAKER_____

**Case No**: _____22-8565-WM_____

Count #: 1
Felon in Possession of a Firearm and Ammunition_____
Title 18, United States Code, Sections 922(g)(1) and 924(a)(8)

**\* Max. Term of Imprisonment: 15 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): not applicable**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**
**\* Special Assessment: $100.00**
**Immigration consequences of removal (deportation) from the United States upon**
**conviction if defendant is not a United States Citizen**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**